THE WICHITA RAILROAD & LIGHT COMPANY v.
WILLIAM LIPPINCOTT.
No. 14,650.   (85 Pac. 1135.)

JURY AND JURORS—*Indefinite Finding—Burden of Proof.* Where, in answer to certain special questions by which defendant sought to establish the contributory negligence of plaintiff, the jury answered "We do n't know," it was said the answer was equivalent to a finding that the evidence did not prove such contributory negligence.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 9, 1906. Affirmed.

*Kos Harris,* and *V. Harris,* for plaintiff in error.
*Adams & Adams,* for defendant in error.

*Per Curiam:* We have considered the errors assigned in the introduction of the evidence and in giving and refusing instructions in this case, and find no substantial error therein.

The evidence is conflicting, and the jury in special findings found the facts upon which the plaintiff predicated negligence in his favor; and in response to spe-

cial questions by which the defendant sought to elicit findings of fact which would establish the contributory negligence of the plaintiff the jury answered: "We do n't know." This is equivalent to finding that the evidence was not sufficient to establish the facts sought to be elicited, the burden of proving which rested upon the defendant.

No motion was filed to set aside these negative findings, but a motion was filed for judgment in favor of the defendant on the special findings notwithstanding the general verdict. This was properly denied.

A motion was then filed for a new trial on the ground, with others, that the verdict was not supported by the evidence. As before said, the evidence was conflicting, and we think there was sufficient, regarded in a light favorable to plaintiff, to sustain the verdict. Certainly the unattacked special findings of the jury are sufficient to sustain the verdict and judgment.

The judgment of the district court is affirmed.